UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 16-5177
(C.A. No. 13-0131)

DONALD ROCHON,                                                                    Appellant,

     v.

LORETTA E. LYNCH,
    Attorney General of the United States,                           Appellee.

## APPELLEE'S REPLY IN SUPPORT OF MOTION SUMMARY AFFIRMANCE

Appellee, Loretta E. Lynch, Attorney General of the United States, on behalf of the Federal Bureau of Investigation ("FBI" or "the Government"), respectfully files this Reply in support its Motion for Summary Affirmance. *See* Mot. for Summ. Affirm. (Oct. 3, 2016) (hereinafter, "Motion"). Appellant, Donald Rochon ("Rochon"), filed his Combined Opposition to Appellee's Motion for Summary Affirmance and Reply to Appellee's Opposition to Summary Reversal on October 7, 2016. *See* Opp. to Mot. for Summ. Affirm. (Oct. 7, 2016) (hereinafter, "Opposition"). Rochon's Opposition only confirms that the "merits of this appeal are so clear as to make summary affirmance proper," *Walker v. Wash.*, 627 F.2d 541, 545 (D.C. Cir. 1980); *accord Ambach v. Bell*, 686 F.2d 974, 979 (D.C. Cir. 1982), and that "no benefit will be gained from further briefing and argument of issues presented," *Taxpayers Watchdog, Inc. v. Stanley*, 819 F.2d 294, 298 (D.C.

Cir. 1987). Accordingly, the FBI respectfully requests that this Court summarily affirm the District Court's September 30, 2015 Order and October 9, 2015 Memorandum Opinion granting the Government's motion to dismiss or, in the alternative, for summary judgment, and May 31, 2016 Minute Order denying Appellant's motion to alter judgment. *See* R. 49; R. 50;[1] *see also* Min. Order (May 31, 2016).

In his Opposition, Rochon repeatedly states that the Government's Motion is "moot because [he] is not disputing the district court's dismissal" of his "June 30, 2010 reprisal claim." Opp. at 2; *see also id.* at 1 ("Defendant's [Motion] … has missed the mark"). As the Government explained in its Motion, Rochon's complaint only challenged the FBI's June 30, 2010 denial of his request for an HR-218 Card (the card that allows retired law enforcement officers to carry a firearm across state lines, if certain other conditions are satisfied). *See* Mot. at 2–4. With respect to this claim, the District Court found that Rochon had "utterly failed" to identify any evidence from which a reasonable jury could conclude that the Government's action was retaliatory. R. 50 at 18. Having now conceded that he is not appealing the District Court's denial of this claim, there is nothing left for this Court to address and it should summarily affirm the District Court's decision.

---

[1] "R" refers to the District Court docket number, now the record on appeal. Copies of the Order and Memorandum Opinion are attached.

2

Indeed, the record below showed that it was the Government's policy to deny HR-218 Card requests whenever an applicant's background check revealed "anything negative" or where the background check revealed something that would have prevented the applicant from retiring "in good standing." Mot. at 11–12. Rochon's extant domestic violence charge was just such a fact and the record showed that domestic violence charges would prevent a former FBI agent from receiving an HR-218 Card. *See* R. 21-4 at ¶ 11. In fact, after the State of Utah—at Rochon's request—expunged his domestic violence charge, Rochon received an HR-218 Card. *See* R. 15.

Against the weight of this evidence, Rochon exclusively relied on unsupported allegations that it was actually FBI policy to deny HR-218 Card requests only for *convictions* of crimes, not *charges*. *See* R. 50 at 18–20. As the District Court noted, this argument was both contrary to the record and irrelevant to Rochon's burden. *Id.* at 20. Ultimately, the District Court disposed of Rochon's claims, concluding that his "smoke and mirrors … do not obscure the obvious: there is simply no evidence" to support Rochon's claims. *Id.* at 20.

As noted, Rochon has expressly stated that he is not appealing the District Court's dismissal of his claim that denying his request for an HR-218 Card was retaliatory. Opp. at 2. Accordingly, it appears that he is exclusively challenging the District Court's rejection of his Rule 59(e) motion, in which he raised—for the

first time—the argument that his complaint had actually included other claims that the District Court "forgot." *See* Opp. at 2; R. 51. Yet, as the Government has already explained, this argument runs counter to the pleadings below, the underlying administrative record, and the Federal Rules of Civil Procedure.

First, Rochon's complaint included just one claim. R. 20 at ¶¶ 44–45. This was clear from the face of Rochon's complaint, which itself referenced just one claim: "Claim–Retaliation." *Id.* Moreover, while addressing the Government's dispositive motion, Rochon only considered the complaint to have alleged one claim of retaliation. *See* Mot. at 13–14; R. 21 at 9, 13–14; R. 27 at 1, 3. The fact that in one passing reference, Rochon included the word "claims," *see* R. 20 at 16, does nothing to change the clear fact that the complaint alleged just a single retaliation claim, *see* Mot. at 13–14.

Second, the FBI accepted just one claim of retaliation for investigation during the underlying administrative process. R. 51-1 at 15. Rochon had the opportunity at that time to clarify that he was actually alleging multiple claims of retaliation. But he failed to do so. R. 52 at 5–6. Nothing in his Opposition changes the fact that the FBI accepted only one claim. *See id.* Accordingly, only the single claim, which the District Court rejected and which Rochon has now conceded he is not appealing, was properly exhausted and presented to the District

4

Court.  *See Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997); *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113–14 (2002).

Third, the Federal Rules of Civil Procedure confirm that Rochon alleged just one claim of retaliation in his complaint.  Under Rule 8(a), it is a plaintiff's burden to file a pleading containing (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief the pleader sought.  Fed. R. Civ. P. 8(a).  In Rochon's view, however, it is permissible to file a complaint where various claims are hidden throughout a plaintiff's filings and exhibits.  *See* Rochon Mot. for Summ. Rev. at 1, 4 (Sept. 2, 2016).  But this Court has already expressly rejected this argument, *see Estate v. Parsons v. Palestinian Auth.*, 651 F.3d 118, 137 (D.C. Cir. 2011), as has the Supreme Court, *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007); *see also* Mot. at 16.

In sum, the District Court correctly disposed of Rochon's claim that the FBI retaliated against him when it denied his request for an HR-218 Card.  Indeed, Rochon did not even attempt to satisfy his burden of showing that the Government's explanations were pretextual.  *See Morgan v. Fed. Home Loan Mort. Corp.*, 328 F.3d 647, 654 (D.C. Cir. 2003).  Similarly, the District Court correctly rejected Rochon's attempt to save his complaint from defeat when he

5

argued in his reconsideration motion that he had intended to include other claims in his complaint. *See* Min. Order (May 31, 2016).

Finally, Rochon has again included several scattershot statements in his Opposition, none of which has merit, but which are worth addressing briefly. For instance, Rochon alleged that the Government misled the Court when it stated that Rochon had waited more than two years after his record was expunged before reapplying for an HR-218 Card. *See* Opp. at 6. According to Rochon, he "had already re-applied for the [HR-218 Card]" on several other occasions. *Id.* The record shows otherwise. Indeed, when repeatedly pressed by the District Court to explain exactly when and how many times Rochon had applied for an HR-218 Card, Rochon's counsel stated "[n]o, he did not file another application. It was the one application." R. 33 at 9:24–24; *see also id.* at 9:18 ("He didn't re-apply"). Similarly, Rochon now claims that he briefly returned to work at the FBI in 2009, at which point he was "vetted" and the FBI became aware of his domestic violence charge. Opp. at 2–6. Rochon has not cited any place in the record showing that, as part of the 2010 settlement agreement, he returned to work at the FBI or was "vetted." Instead, the record reflects Rochon's "return" under the settlement agreement was on paper only for the purposes of the settlement. *See* R. 40-1 at 9:9–15; *see also id.* at 9:20–22 ("[Rochon] wasn't an onboard employee; we were

6

to calculate all of the earnings on paper only, as if he was an employee on paper only").

Ultimately, Rochon has conceded that he is not challenging the District Court's dismissal of the only claim included in his complaint. Accordingly, the Government respectfully requests that this Court summarily affirm the District Court's judgment.

Dated: October 12, 2016             CHANNING D. PHILLIPS
                                    United States Attorney

                                    R. CRAIG LAWRENCE
                                    Assistant United States Attorney

                            By:     */s/ Brian J. Field*
                                    BRIAN J. FIELD
                                    D.C. BAR #985577
                                    Assistant United States Attorney
                                    555 4th Street, N.W.
                                    Washington, D.C. 20530
                                    Tel: (202) 252-2551
                                    E-mail: Brian.Field@usdoj.gov

                                    *Attorneys for Appellee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of October, 2016, I caused a true and correct copy of the foregoing to be served upon Appellant by first-class mail, postage pre-paid and addressed as follows:

Donald Rochon
17192 Murphy Avenue, #14434
Irvine, CA 92623-0513

*/s/ Brian J. Field*
BRIAN J. FIELD
D.C. BAR #985577
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
Tel: (202) 252-2551
E-mail: Brian.Field@usdoj.gov