# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 16-5177**  **September Term, 2016**

1:13-cv-00131-KBJ

**Filed On:** December 5, 2016

Donald Rochon,

    Appellant

  v.

Loretta E. Lynch, Attorney General of the United States,

    Appellee

**BEFORE:** Tatel, Kavanaugh, and Millett, Circuit Judges

## O R D E R

Upon consideration of the motion for summary reversal, the opposition thereto, and the reply; and the motion for summary affirmance, the opposition thereto, and the reply, it is

**ORDERED** that the motion for summary affirmance be granted and the motion for summary reversal be denied. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). Appellant argues that the district court failed to address his claims that Federal Bureau of Investigation (FBI) employees retaliated against him by (1) altering his criminal records following a 2010 settlement, and (2) threatening to harm him when he reported the alleged changes to his criminal records to the FBI Equal Employment Opportunities Office. In district court, however, appellant did not raise the first argument as a basis for denying the motion for summary judgment. See Salazar ex rel. Salazar v. Dist. of Columbia, 602 F.3d 431, 436-37 (D.C. Cir. 2010). Further, appellant only raised the second argument in a motion for reconsideration, and because such motions "may not be used to . . . raise arguments or present evidence that could have been raised prior to the entry of judgment," GSS Group Ltd. v. Nat'l Port Auth., 680 F.3d 805, 812 (D.C. Cir. 2012) (citation omitted), appellant has not shown that the district court abused its discretion in denying the motion for reconsideration.

# United States Court of Appeals
### For The District of Columbia Circuit

_____

**No. 16-5177**　　　　　　　　　　　　　　**September Term, 2016**

     Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**<u>Per Curiam</u>**